REINHARDT, Circuit Judge,
concurring:
I concur in the memorandum disposition. I would add that I do not construe our disposition as a flat ruling that defense counsel may never issue a narrow subpoena to an attorney regarding what occurred at a conference between the attorney’s client and the prosecuting authority, as it may well be critical to whether there has been a violation of Brady or Napue. Whether defense counsel is always required to rely only on the notes taken by persons on the prosecution’s side is a question that should be decided, if at all, in a case with a fuller record. There are of course some exceptions to the work product rule. See Hickman v. Taylor, 329 U.S. 495, 511, 67 S.Ct. 385, 91 L.Ed. 451 (1947). These exceptions have not yet been fully explored by the courts. Whether a case like this, with different facts, could constitute one of those exceptions is a question we need not answer here. See also In re Sealed Case, 124 F.3d 230, 236 (D.C.Cir.1997) (rev’d on other grounds sub nom. Swidler & Berlin v. United States, 524 U.S. 399, 118 S.Ct. 2081, 141 L.Ed.2d 379 (1998)) (finding that an attorney’s contemporaneous notes of an interview in which he did not (primarily) direct the conversation are not given iron-clad protection by the work product rule).